UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

LOUISE TRAUMA CENTER LLC
1234 Mass Ave NW
Washington DC 20005

Plaintiff

v.                                                            Civil Action No. 23--cv-2846

UNITED STATES CITIZENSHIP AND
IMMIGRATION SERVICES
5900 Capital Gateway Drive
Mail Stop 220
Camp Springs MD 20588-0009

Defendant

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

1. This is a Freedom of Information Act [FOIA] case. Defendant has failed to respond to several FOIA requests from Plaintiff.

2. It "is of the highest moment that those who administer justice should always act under the sense of public responsibility, and that every citizen should be able to satisfy himself with his own eyes as to the mode in which a public duty is performed." *Cowley v. Pulsifer*, 137 Mass. 392, 394, 1884 WL 10622, at *2 (Mass. 1884)(Holmes, J.)

3. There is "a common-law right of access to" governmental records. *Nixon v. Warner Communications, Inc.* 435 U.S. 589, 597 (1978). "It is clear that the courts of this country recognize a general right to inspect and copy public records and documents." *Id.*

4. Congress has supplemented this common-law right by enacting the Freedom of Information Act, 5 U.S.C. section 552. A unanimous Supreme Court stated: "Upon request, FOIA mandates disclosure of records held by a federal agency...disclosure, not secrecy, is the

1

dominant objective of the Act....consistent with the Act's goal of broad disclosure, these exemptions have been given a narrow compass...FOIA exemptions are to be narrowly construed." *Dep't of Interior v. Klamath Water Users,* 532 U.S. 1, 7-8 (2001)[cleaned up].

5. "The Agencies bear the burden of providing sufficient factual information as to the document's nature or content from which the district court can independently assess the applicabiity of the claimed exemption." *Rein v. U.S. Patent & Trademark Office,* 553 F.3d 353, 370 (4th Cir. 2009).

## JURISDICTION

6. This Court has both subject matter jurisdiction over this action and personal jurisdiction over Defendant pursuant to 5 U.S.C. § 552(a) (4) (B) and 28 U.S.C. § 1331. This Court has jurisdiction to grant declaratory and other necessary relief pursuant to 28 U.S.C. § 2201-02.

## VENUE

7. Venue is appropriate under 5 U.S.C. § 552(a) (4) (B), and 28 U.S.C. § 1391, because Defendant is located here.

## PARTIES

8. Plaintiff Louise Trauma Center, LLC, is a nonprofit organization dedicated to raising awareness about immigrant women who have suffered from gender-based violence such as female genital mutilation (FGM), rape, domestic violence, and forced marriage. It helps these women seek asylum. It publicizes and educates. It sets forth new asylum cases, briefs, reports, and analysis on the law surrounding these women and their issues. It has made FOIA requests in the past, and will continue to make FOIA requests in the future.

9. Defendant is an agency within the meaning of 5 U.S.C. § 552(e) and 701(b) (1), and is in possession and/or control of the records requested by Plaintiff.

## FIRST CAUSE OF ACTION

10. Plaintiff repeats, re-alleges, and incorporates by reference the allegations contained in all paragraphs set forth above.

11. On January 5, 2021, almost three years ago, Defendant received this FOIA request from Plaintiff:

> "records relating to the Asylum Office Basic Training Course from January 1, 2020 to the present."

12. Plaintiff requested a fee waiver under 5 USC § 552(a)(4)(A)(iii) because disclosure is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government and is not primarily in the commercial interest of the requester.

13. Via a letter dated January 13, 2021, Defendant assigned "COW 2021 000 083" to that request.

14. Via that same letter, Defendant granted Plaintiff's request for a fee waiver.

15. An agency may charge fees for "document duplication" under certain circumstances. 5 U.S.C. § 552(a)(4)(A)(i). However, a requester may request that such fees be waived. Fees must be waived if the request is "in the public interest because it is likely to contribute *significantly* to public understanding of the operations or activities of the Government." 5 U.S.C. § 552(a)(4)(A)(iii)).[emphasis added].

16. Plaintiff Louise Trauma Center sought this waiver, and it was granted. Therefore, US-CIS has already determined that the request in this case "is likely to contribute significantly to public understanding of the operations" of the agency.

17. The standard under § 552(a)(4)(A)(iii) is higher than the standard set forth in § 552(a)(4)(E). So, if the requester has satisfied (4)(A)(iii) it has satisfied (4)(E). *Webster v. U.S. Department of Justice*, 2021 WL 4243414, at *6 (D.D.C. September 17, 2021)("The test the Court used to resolve the copying fee waiver was much more stringent than the one the Court uses here [to determine public benefit].")  Therefore, the plaintiff has satisfied the "public benefit" test.

18. Since receiving the request, the defendant has done nothing.

19. Defendant has failed to make a determination about plaintiff's request. It failed to produce any records within the statutorily mandated time frame. It is still in violation of 5 U.S.C. § 552(a)(6)(A)(i).

20. Plaintiff has the legal right under FOIA to obtain all of the records requested. No legal basis exists for this defendant's failure to make the records available.

21. Defendant has violated the FOIA, 5 U.S.C. §§ 552(a). Its wrongful withholding of the records violates the FOIA, § 552(a) (3) (A).

22. Plaintiff has exhausted all the necessary administrative remedies.

**SECOND CAUSE OF ACTION**

23. Plaintiff  repeats, re-alleges, and incorporates by reference the allegations contained in all paragraphs set forth above.

24. On January 15, 2021, almost three years ago, Defendant received this FOIA request from Plaintiff:

> "information relating to case evaluation forms and other documents that track and evaluate the performance of asylum officers at the Arlington Asylum Office from July 1, 202 to the present."

25. Plaintiff requested a fee waiver  under 5 USC § 552(a)(4)(A)(iii) because disclosure is

in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government and is not primarily in the commercial interest of the requester.

26. Via a letter dated January 22, 2021, Defendant assigned "COW 2021 000 212" to that request.

27. Via that same letter, Defendant granted Plaintiff's request for a fee waiver.

28. Since receiving the request, the defendant has done nothing.

29. Defendant has failed to make a determination about plaintiff's request. It failed to produce any records within the statutorily mandated time frame. It is still in violation of 5 U.S.C. § 552(a)(6)(A)(i).

30. Plaintiff has the legal right under FOIA to obtain all of the records requested. No legal basis exists for this defendant's failure to make the records available.

31. Defendant has violated the FOIA, 5 U.S.C. §§ 552(a). Its wrongful withholding of the records violates the FOIA, § 552(a) (3) (A).

32. Plaintiff has exhausted all the necessary administrative remedies.

### THIRD CAUSE OF ACTION

33. Plaintiff repeats, re-alleges, and incorporates by reference the allegations contained in all paragraphs set forth above.

34. On February 17, 2021, almost three years ago, Defendant received this FOIA request from Plaintiff:

"a copy of the Credible Fear Procedures Manual"

35. Via a letter dated February 22, 2021, Defendant assigned "COW 2021 000 652" to that request.

36. Since receiving the request, the defendant has done nothing.

37. Defendant has failed to make a determination about plaintiff's request. It failed to produce any records within the statutorily mandated time frame. It is still in violation of 5 U.S.C. § 552(a)(6)(A)(i).

38. Plaintiff has the legal right under FOIA to obtain all of the records requested. No legal basis exists for this defendant's failure to make the records available.

39. Defendant has violated the FOIA, 5 U.S.C. §§ 552(a). Its wrongful withholding of the records violates the FOIA, § 552(a) (3) (A).

40. Plaintiff has exhausted all the necessary administrative remedies.

## FOURTH CAUSE OF ACTION

41. Plaintiff repeats, re-alleges, and incorporates by reference the allegations contained in all paragraphs set forth above.

42. On June 27, 2021, over two years ago, Defendant received this FOIA request from Plaintiff:

> "a copy of all Asylum HQ-generated training materials provided to field offices from January 1, 2021 through the present."

43. Plaintiff requested a fee waiver under 5 USC § 552(a)(4)(A)(iii) because disclosure is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government and is not primarily in the commercial interest of the requester.

44. Via a letter dated June 30, 2021, Defendant assigned "COW 2021 002 455" to that request.

45. Via that same letter, Defendant granted the fee waiver request.

46. Since receiving the request, the defendant has done nothing.

6

47. Defendant has failed to make a determination about plaintiff's request. It failed to produce any records within the statutorily mandated time frame. It is still in violation of 5 U.S.C. § 552(a)(6)(A)(i).

48.  Plaintiff has the legal right under FOIA to obtain all of the records requested. No legal basis exists for this defendant's failure to make the records available.

49. Defendant has violated the FOIA, 5 U.S.C. §§ 552(a). Its wrongful withholding of the records violates the FOIA, § 552(a) (3) (A).

50. Plaintiff has exhausted all the necessary administrative remedies.

## PRAYER FOR RELIEF

51. WHEREFORE, plaintiff prays that judgment be entered in its favor against defendant; and that the Court:

52. Order defendant to promptly disclose all of the requested records;

53. Declare that defendant's inaction and actions violate the FOIA;

54. Award plaintiff reasonable attorney fees and costs pursuant to 5 U.S. C. §552(a) (4) (E); and

55. Grant all other such relief to the plaintiff as the Court deems proper and equitable.

Respectfully submitted,

/s/ *David L. Cleveland*
David L. Cleveland
Maryland Bar # 13559
Attorney for Plaintiff
1220 L Street NW #100
Washington, DC 20005
[202] 812-8684   <1949.david@gmail.com>