IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

LOUISE TRAUMA CENTER, LLC,          *

    *Plaintiff*,                                    *

    v.                                              *          Civil No. RDB-23-2846

UNITED STATES CITIZENSHIP          *
AND IMMIGRATION SERVICES,
                                                  *

    *Defendant*.                                   *

\*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*

## MEMORANDUM OPINION

Plaintiff Louise Trauma Center, LLC ("LTC") is a nonprofit organization dedicated to raising awareness about immigrant women who have suffered from gender-based violence such as female genital mutilation, rape, domestic violence, and forced marriage. The organization helps such women seek asylum and educates the public. Defendant United States Citizenship and Immigration Services ("USCIS") is an agency of the United States Department of Homeland Security within the Executive Branch of the United States Government. LTC filed a Freedom of Information Act ("FOIA") request with USCIS, seeking records related to the training and performance of asylum officers, as well as a copy of the Credible Fear Procedures Manual. (ECF No. 1 ¶¶ 11, 24, 34, 42.) To compel USCIS to fulfill its FOIA requests after a few years had passed, LTC filed a complaint with this Court on October 20, 2023, alleging four counts of wrongfully withholding the requested records in violation of FOIA, 5 U.S.C. § 552(a). (ECF No. 1.) USCIS then produced the requested documents, a total of over 2,700 pages, between November 29, 2023, and January 26, 2024. (ECF No. 21 at 2.)

USCIS filed a Motion to Dismiss on February 21, 2024, chiefly predicated on the fact that it had produced the requested documents. (ECF No. 15.) LTC raised concerns about the sufficiency of the documents USCIS had provided—namely, the extent of the redactions USCIS had performed before making the documents public—in its response to USCIS's motion to dismiss. (ECF No. 16.) However, LTC did not include its concerns about the redactions in its original complaint. (*See* ECF No. 1.) USCIS alleges this failure is fatal to LTC's present action, now that USCIS has furnished the requested documents. (ECF Nos. 15, 21.) LTC disagrees, alleging it has stated a claim by which it is entitled to relief. (ECF No. 16 at 5–14.) The main force of LTC's argument lies in its assertions that the redactions render the produced documents insufficient and that LTC constructively exhausted all administrative remedies, as required for LTC to bypass an administrative appeal and proceed directly in this Court, because USCIS did not produce the requested documents within 20 days. (ECF No. 16 at 5–10.)

Pending before this Court are USCIS's Motions for Extension of Time to File Response (ECF Nos. 19, 20) and Motion to Dismiss (ECF No. 15). The lattermost is predicated both upon a failure to state a claim upon which relief can be granted and upon a lack of subject-matter jurisdiction. (ECF No. 15.) The parties' submissions have been reviewed, and no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2023). For the reasons expounded below, Defendant USCIS's Motion to Dismiss and Motions for Extension of Time are GRANTED.

## BACKGROUND

Plaintiff Louise Trauma Center, LLC ("LTC") is a nonprofit organization dedicated to raising awareness about immigrant women who have suffered from gender-based violence such as female genital mutilation, rape, domestic violence, and forced marriage. (ECF No. 1 ¶ 8.) The organization helps such women seek asylum and educates the public. (*Id.*) Defendant United States Citizenship and Immigration Services ("USCIS") is an agency of the United States Department of Homeland Security within the Executive Branch of the United States Government. (*Id.* ¶ 9.)

On January 5, 2021, USCIS received a FOIA request from LTC. (*Id.* ¶ 11.) LTC sought "records relating to the Asylum Office Basic Training Course from January 1, 2020, to the present." (*Id.*) LTC sought a fee waiver in relation to its request and was granted that fee waiver on January 13, 2021. (*Id.* ¶¶ 14–16.) In the same response letter by which USCIS granted LTC's fee waiver, it assigned the request a case number. (*Id.* ¶ 13.) On January 15, 2021, USCIS received a second FOIA request from LTC, which sought "information relating to case evaluation forms and other documents that track and evaluate the performance of asylum officers at the Arlington Asylum Office from July 1, 2020, to the present." (*Id.* ¶ 24.) LTC again sought a fee waiver from USCIS, which USCIS granted on January 22, 2021. (*Id.* ¶¶ 25–27.) In the same response letter by which USCIS granted LTC's fee waiver, it assigned the request a case number. (*Id.* ¶ 26.) On February 17, 2021, USCIS received a third FOIA request from LTC, seeking "a copy of the Credible Fear Procedures Manual." (*Id.* ¶ 34.) USCIS assigned the request a case number on February 22, 2021. (*Id.* ¶ 35.) On June 27, 2021, USCIS received a fourth FOIA request from LTC, seeking "a copy of all Asylum HQ-generated

training materials provided to field offices from January 1, 2021, through the present." (*Id.* ¶ 42.) LTC sought a fee waiver from USCIS, which USCIS granted on June 30, 2021. (*Id.* ¶ 43–45.) In the same response letter by which USCIS granted LTC's fee waiver, it assigned the request a case number. (*Id.* ¶ 44.)

At the time LTC's complaint was filed on October 23, 2023, USCIS had yet to produce any of the documents LTC had requested under FOIA. (*Id.* ¶ 18.) Via its complaint, LTC sought that the Court "[o]rder defendant to promptly disclose all of the requested records," "declare that defendant's inaction and actions violate the FOIA," and award plaintiff reasonable attorney fees and costs." (*Id.* ¶¶ 51–54.) USCIS subsequently furnished over 2,700 pages of relevant documents to LTC, between November 29, 2023, and January 26, 2024. (ECF No. 21 at 2.) Soon thereafter, on February 21, 2024, USCIS filed a Motion to Dismiss for lack of jurisdiction and for failure to state a claim upon which relief can be granted. (ECF No. 14.) USCIS filed a corrected version of that Motion to Dismiss later that same day. (ECF No. 15.)

LTC responded in opposition to USCIS's motion on February 26, 2024. (ECF No. 16.) In its response, LTC highlights what it considers the unacceptable nature of USCIS's redactions, which in some instances constitute up to 99 percent of the page. (*Id.* at 5–7; ECF No. 16-1.) LTC also asserts that it has met its administrative exhaustion requirements because USCIS did not respond to its request within 20 days, and that as such LTC may pursue action in this Court in lieu of an administrative appeal. (ECF No. 16 at 7.) LTC thirdly seeks declaratory relief under 28 U.S.C. § 2201 *et seq.*, claiming FOIA claims are not expressly excluded from that section. (*Id.* at 10–11.)

USCIS filed a motion for extension of time to file a reply to LTC's response in opposition (ECF No. 17) on March 11, 2024, which this Court granted the next day (ECF No. 18). USCIS then filed two addition motions for extension of time to file a reply, seeking extensions through March 18, 2024, and March 25, 2024, respectively. (ECF Nos. 19, 20.) USCIS filed its reply to LTC's response on March 25, 2024. (ECF No. 21.) In its reply, USCIS emphasizes that LTC's complaint is moot because USCIS has provided the requested documents; that LTC did not raise any issue regarding the extent or nature of USCIS's redactions in LTC's original complaint; that LTC has not exhausted its administrative remedies and must pursue its case through the administrative appeal process; and that FOIA provides LTC's exclusive remedy and that thus LTC cannot skirt FOIA by seeking declaratory relief under 28 U.S.C. § 2201 *et seq.* (ECF No. 21.)

Pending before this Court are USCIS's Motions for Extension of Time to File Response (ECF Nos. 19, 20) and Motion to Dismiss (ECF No. 15). The lattermost is predicated both upon a failure to state a claim upon which relief can be granted and upon a lack of subject-matter jurisdiction. (ECF No. 15.) The parties' submissions have been reviewed, and no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2023). For the reasons expounded below, Defendant USCIS's Motion to Dismiss and Motions for Extension of Time are GRANTED.

## LEGAL STANDARD

### I.    Motion for Extension of Time to File Response

"When an act may or must be done within a specified time, the court may, for good cause, extend the time . . . with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or . . . on motion made after the time has expired if the party failed to act because of excusable neglect." Fed R. Civ. P. 6(b)(1). *See, e.g.*, *Lamb v. Grosklags*, No. PX 16-02705, 2017 U.S. Dist. LEXIS 125801, at *2–3 (D. Md. Aug. 9, 2017). A motion for extension of time should be liberally granted. *See* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave when justice so requires.").

## II.   Motion to Dismiss for Lack of Subject-Matter Jurisdiction (12(b)(1))

A motion to dismiss for lack of subject-matter jurisdiction, pursuant to Rule 12(b)(1), challenges a court's authority to hear the matter brought by a complaint. Fed. R. Civ. P. 12(b)(1); *see Davis v. Thompson*, 367 F. Supp. 2d 792 (D. Md. 2005). The plaintiff bears the burden of proving the existence of subject-matter jurisdiction. *See Brown v. Dep't of Just.*, No. RDB-18-0073, 2018 WL 4777569, at *1 (D. Md. Oct. 3, 2018).

## III.   Motion to Dismiss for Failure to State a Claim Upon Which Relief Can Be Granted (12(b)(6))

A motion to dismiss for failure to state a claim upon which relief can be granted, pursuant to Rule 12(b)(6), probes the legal sufficiency of a plaintiff's complaint. Fed. R. Civ. P. 12(b)(6); *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009); *Jordan v. Alt. Res. Corp.*, 458 F.3d 332, 338 (4th Cir. 2006). To demonstrate the legal sufficiency of a claim, a plaintiff must allege sufficient facts which, accepted as true, "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Mere "conclusory allegations" unsupported by alleged facts are insufficient.

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007); *see ACA Fin. Guar. Corp. v. City of Buena Vista*, 917 F.3d 206, 211 (4th Cir. 2019). At the pleading stage, a court must draw all reasonable factual inferences in the Plaintiff's favor. *See Kensington Volunteer Fire Dep't, Inc. v. Montgomery Cnty., Md.*, 684 F.3d 462, 467 (4th Cir. 2012).

## ANALYSIS

### I.    USCIS's Motions for Extension of Time (ECF Nos. 19, 20)

A motion for extension of time should be liberally granted at the court's discretion, where the motion is timely filed and good cause exists. Fed R. Civ. P. 6(b)(1). A motion is timely filed when it is filed "before the original time or its extension expires." *Id.* District courts often grant such request where the motion was not made in bad faith and where no prejudice to the other party occurs as a result of granting the motion. *See Tindall v. First Solar*, 892 F.3d 1043, 1048 (9th Cir. 2018). Where a motion is not timely filed, a movant must demonstrate the existence of both good cause for granting the extension and excusable neglect regarding the motion's untimely filing. Fed. R. Civ. P. 6(b)(2); *see Chamblee v. Old Dominion Sec. Co., LLC*, No. 3:13cv820, 2014 U.S. Dist. LEXIS 50726, at *6–7 (E.D. Va. Apr. 10, 2014). A court should consider four factors when determining whether excusable neglect exists: (1) the danger of prejudice to the adverse party; (2) the length of the delay; (3) whether the delay was within the reasonable control of the movant; and (4) whether the movant acted in good faith. *Pioneer Ins. Servs. Co. v. Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380, 395 (1993). Even where a motion for extension is not timely filed, courts often liberally grant such requests under their own discretion. *See Tindall*, 892 F.3d at 1048; *see also* Fed. R. Civ. P. 15(a)(2) ("[A] court should freely give leave when justice so requires.").

7

Here, USCIS timely filed its first motion for extension of time to file a reply to LTS's response in opposition to USCIS's motion to dismiss on March 11, 2024. (ECF No. 17.) USCIS sought an extension through March 13, 2024. (*Id.*) The request was filed "due to the need to further confer with [USCIS] regarding its proposed response." (*Id.*) This Court granted that request. (ECF No. 18.) USCIS then filed a second motion for extension of time to file a response on March 14, 2024—one day after the expiry of the previously granted extension— seeking an extension through March 18, 2024, for unenumerated reasons. (ECF No. 19.) USCIS then filed a third motion for extension of time on March 20, 2024—two days after the expiry of the pending extension—seeking an extension through March 25, 2024, for unenumerated reasons. (ECF No. 20.) USCIS then filed its reply on March 25, 2024, in line with its proposed amended deadline. (ECF No. 21.) LTC did not oppose either motion. Additionally, there is no evidence that USCIS filed its motion in bad faith. Where opposing counsel fails to identify any potential prejudice it would suffer through the granting of the extension; where the length of the delays are a mere one and two days, respectively; and where no evidence of bad faith on the part of the movant exists, this Court sees no reason to deny the motion. Thus, USCIS's Motions for Extension of Time (ECF Nos. 19, 20) are **GRANTED**.

## II.   USCIS's Motion to Dismiss (ECF No. 15)

The plaintiff bears the burden of proving the existence of subject-matter jurisdiction. *See Brown v. Dep't of Just.*, No. RDB-18-0073, 2018 WL 4777569, at *1 (D. Md. Oct. 3, 2018). A challenge to jurisdiction under Rule 12(b)(1) may proceed either as a facial challenge, asserting that the allegations in the complaint are insufficient to establish subject-matter

jurisdiction, or a factual challenge, asserting "that the jurisdictional allegations of the complaint are not true." *Brown*, 2018 WL 477569, at *1 (quoting *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009)). Importantly, "[a] failure to exhaust administrative remedies under FOIA[1] deprives the courts of subject-matter jurisdiction, requiring analysis under Rule 12(b)(1) at the motion to dismiss stage." *Gray v. Wash. Metro Area Transit Auth.*, No. DKC-16-1792, 2017 U.S. Dist. LEXIS 18223, at *5 (D. Md. Feb 8, 2017); *see Scott v. United States Atty. Offices*, No. RDB-18-725, 2019 U.S. Dist. LEXIS 79726, at *11 (D. Md. May 10, 2019) (finding a lack of subject-matter jurisdiction where no evidence demonstrated that plaintiff had exhausted his administrative remedies). "Once the records [requested under FOIA] are produced[,] the substance of the controversy disappears and becomes moot since the disclosure which the suit seeks has already been made." *Jacobs v. Fed. Bureau of Prisons*, 725 F. Supp. 2d 85, 89 (D.D.C. 2010).

Additionally, while it is true that at the pleading stage, a court must draw all reasonable factual inferences in the plaintiff's favor, *see Kensington Volunteer Fire Dep't, Inc. v. Montgomery Cnty., Md.*, 684 F.3d 462, 467 (4th Cir. 2012), where the original complaint contains no factual information addressing an issue subsequently raised in plaintiff's response to a 12(b)(6) motion, that subsequently raised issue cannot factor into a court's decision regarding a 12(b)(6) motion. *See Shortall v. Baltimore Dist. U.S. Army Corps of Eng'rs*, No. WMN-14-3904, 2015 U.S. Dist. LEXIS 72823, at *5 (D. Md. June 4, 2015) (holding an argument first asserted in a response to a 12(b)(6) motion cannot serve to amend the original complaint); *Mid-Atlantic*

---

[1] "As a general matter, a FOIA requester must exhaust administrative appeal remedies before seeking judicial redress." *CREW v. FEC*, 711 F.3d 180, 182 (D.C. Cir. 2013).

*Chems. Corp. v. Shaw Indus., Inc.*, No. AMD 04-3988, 2006 U.S. Dist. LEXIS 2398, at \*3 n.4 (D. Md. Jan. 23, 2006) (accord); *see also Texas Roadhouse, Inc. v. E.E.O.C.*, No. 3:14-cv-00652-JHM, 2015 WL 925894, at \*3 (W.D. Ky. Mar. 3, 2015); *Reaves v. Jewell*, No. DKC-14-2245, 2014 U.S. Dist. LEXIS 165542, at \*11–12 (D. Md. Nov. 26, 2014).

Here, the essence of USCIS's 12(b)(1) challenge is that because USCIS has provided the documents requested by LTC, LTC's complaint contains no live controversy and must be dismissed. Indeed, Fourth Circuit precedent dictates that once production of documents occurs in line with a FOIA request, the FOIA action becomes moot insofar as it is predicated only upon a lack of production. *See Reg'l Mgmt. Corp. v. Legal Servs. Corp.*, 186 F.3d 457, 464 (4th Cir. 1999). Thus, barring the existence of applicable exceptions to this general rule, USCIS's 12(b)(1) motion to dismiss must succeed on 12(b)(1) grounds, as USCIS has produced the requested documents.

The essence of USCIS's 12(b)(6) challenge is that LTC's complaint addressed only USCIS's failure to provide the documents at all, and not the ultimate quality of the documents USCIS provided. LTC's argument that the documents provided insufficiently met LTC's requests may or may not be well-founded. However, LTC's original complaint asserted four causes of action, each of which dealt solely with USCIS's alleged failure to provide LTC with the documents LTC had requested. USCIS has rectified these omissions by furnishing over 2,700 pages of documents in line with LTC's request. While in its reply LTC raises issue with the redactions USCIS performed prior to furnishing the requested documents, a complainant cannot amend its original complaint via a response filing. *See Shortall*, 2015 U.S. Dist. LEXIS 72823, at \*5. Thus, in furnishing LTC with the documents it requested, USCIS dispatched of

LTC's lawsuit, which sought solely the provision of said documents. If LTC wishes to dispute the quality of the documents USCIS provided in response to LTC's request, LTC may pursue action via the procedure outlined in FOIA. *See* 5 U.S.C. (a)(6)(A)(i)(III)(aa). Namely, because USCIS made final determinations regarding LTC's four FOIA requests, as communicated via the letters USCIS sent in response to the requests, LTC must first challenge the redactions by appealing to the head of the agency before it seeks a judgment from this Court. *See id*.

LTC argues that it is entitled to bring action regarding the redactions before this Court anyway, as it has "constructively exhausted" FOIA's administrative requirements due to USCIS's failure to provide LTC with the requested documents within 20 days, as LTC argues is required by statute. (ECF No. 16 at 7–10.) However, USCIS was not required to provide the documents within 20 days—it merely was required "to determine . . . whether to comply" with LTC's request and to notify LTC of its determination. *See* 5 U.S.C. § 552(a)(6)(A)(i). USCIS did this, via letter response, in each instance. Additionally, the constructive exhaustion doctrine applies only to claims included in the original complaint. *See Texas Roadhouse*, 2015 WL925894, at *4. Constructive exhaustion does not cover FOIA-related claims arising beyond those asserted in the original complaint. *See Miller v. Fed. Elections Comm'n*, No. 1:12-cv-242, 2013 WL 4243044, at *4 (S.D. Ohio Aug. 15, 2013). Once USCIS provided the documents, the complaint, predicated as it was upon the provision of the documents alone, became moot. This remains true, even if USCIS provided the documents beyond the statutory deadline. *See Reaves*, 2014 U.S. Dist. LEXIS 165542, at *3–4. Thus, the constructive exhaustion doctrine does not save LTC's complaint from dismissal.

LTC additionally argues that it is entitled to bring its claim in this Court via the Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.* ("DJA"). In brief, LTC asserts that under the DJA, "any court" may "declare the rights . . . of any interested party" save in three exceptional circumstances, among which FOIA claims are not included. (ECF No. 16 at 11.) However, LTC sinks its own argument by citing *Isiwele v. United States Dep't of Health and Hum. Servs.*, 85 F. Supp. 3d 337, 352 (D.D.C. 2015) (noting that FOIA is comprehensive—i.e., it provides its own remedies—and that as such, plaintiff could not bring a claim under § 2201). As *Isiwele* indicates, and as Defendant points out in its reply brief, FOIA is the exclusive remedy for a FOIA challenge. (ECF No. 21 at 8.) This precludes any attempt by plaintiff to resuscitate the complaint via a § 2201 challenge.

## CONCLUSION

For the foregoing reasons, Defendant USCIS's Motions for Extension of Time to File Response (ECF Nos. 19, 20) are **GRANTED**, and USCIS's Motion to Dismiss (ECF No. 15) is **GRANTED**.

A separate Order follows.

Dated:        July 26, 2024

                                                                    /s/
                                                    _____
                                                    Richard D. Bennett
                                                    United States Senior District Judge